## Childers v. Burger.

(Decided November 12, 1929.)

HENRY WATSON and W. C. HAMILTON for appellant.

A. T. STEWART, J. SMITH HAYS, M. C. REDWINE and C. F. SPENCER for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

R. D. Childers owns a tract of 40 acres of land on Red river. J. E. Burger owns a tract of 150 acres of land lying between Childers' tract and the public highway. As far back as any of the witnesses can remember there was a road or passway across the Burger tract by which persons went to and from the Childers' tract out to the public road. There was a gate at the public road; also drawbars at Childers'. line. J. E. Burger bought his place in 1910. When he was about to buy it he went to see Claud Sams, who then owned the Childers' place and asked him if he claimed a right of passway over this tract, and Sams said he did not. Sams continued to live there for some years after Burger bought, but continued to use the road by permission of Burger and not as a matter or right. He sold to John W. Golden, who used the road with the permission of Burger and not as a matter of right just as Sams had done. Golden sold the tract to another who in turn conveyed to Childers, and when Childers bought he too had a conversation with Burger about this right of way, and, while they differ as to precisely what was said, they both agree that Burger said, in substance, that the road could only be used by his permission. After Childers had owned the land for a year or so he proposed to sell it to another, and the purchaser raised the question whether he would have the right to this passway. They had some conferences with Burger, and Burger declined to give an absolute right. Thereupon Childers insisted that he had an absolute right to the passway, and Burger brought this suit to quiet his title to his land. Proof was taken, and on final hearing the circuit court gave judgment in favor of Burger. Childers appeals.

It is insisted for the appellant that the proof as to the use of this passway for at least 30 years before Burger bought is sufficient to establish a right to the passway. This would be true if this proof stood alone, but

the proof is undisputed that, when Burger bought the property 17 years before the action was brought, Sams, who then owned the Childers place and lived on it, did not claim a right to this passway and only used it as a matter of permission, and he and all those claiming under him have used the passway as a matter of permission for the last 17 years; Burger all this time being in possession of his tract and living on it and claiming it adversely to all the world.

It is well settled that an easement acquired by a grant or by prescription may be extinguished by a non-user under circumstances indicating an intention to abandon it, extending over a period of time which would have been sufficient to create a prescriptive right to the easement. 18 C. J. 940-943, and cases cited. "In general the elements essential to adverse possession sufficient to extinguish an easement are very similar to those involved in the acquisition of an easement by prescription." 9 R. C. L. 812.

For 17 years before this suit was brought Burger was in full possession of his place, claiming it adversely to the right of any one to a passway over it. This adverse possession was not only known to the owners of the Childers' land, but was acquiesced in by them, and, whatever rights they might have had in 1910 to insist on the passway, it cannot be successfully asserted now after 17 years adverse possession by Burger. Burger having bought his property on the assurance of Sams that he claimed no passway right over it, clearly Sams was estopped to claim the right against him. The proof is clear that Sams' vendee and the subsequent vendees all bought with full notice that the right of the passway was only permissive, and so they stand in no better position than Sams.

Judgment affirmed.